**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, | § | |
| Plaintiff, | § | Case No: |
| vs. | § | PATENT CASE |
| RING INC. | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Complaint against Ring Inc. ("Defendant" or "Ring") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with an office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Delaware corporation with its principal place of business at 1523 26th St., Santa Monica, CA 90404.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this

District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

**VENUE**

7. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District because it is a Delaware corporation.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)**

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the Ring security camera system and its

components (e.g., Ring security cameras, such as the Floodlight Cam, Spotlight Cam Wired, Spotlight Cam Battery, Spotlight Cam Solar, Spotlight Cam Mount, and Stick Up Cam), the Ring apps, and any similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

15. The Product includes a system for media content storage and delivery (e.g., videos captured from the Product's security cameras can be stored and delivered to a smartphone or other computing platform). Certain aspects of this and other elements described herein are illustrated in the screenshots below.

Stick Up Cam

$179 USD

Weather-resistant and wire-free, mount Stick Up Cam anywhere to see, hear and speak with your visitors.

Quantity: – 1 +

Buy Now

https://ring.com/stickupcam



   

https://ring.com/gettheapp?_branch_match_id=416480277416741573



https://ring.com/stickupcam

## Ring Video Recording Plans

For only $3 USD per month, you can:

- Access your videos anytime, anywhere
- Save all your videos for up to 60 days
- Share videos with friends, family and neighbors

Learn More!

Basic

Protect

https://ring.com/stickupcam

| | |
|---|---|
| Connectivity | 802.11 b/g/n Wi-Fi connection @ 2.4GHz |
| Audio | Two-way audio with noise cancellation |
| Video | HD Video 720p; Night Vision; Motion Detection; LIVE Live View |

https://ring.com/stickupcam

https://ring.com/users/sign_in

16. The Product necessarily includes at least one server for hosting and storing media content for customers. For example, the Product necessarily includes at least one server (e.g., a cloud server) to store recorded security videos.

17. The at least one server necessarily includes a first receiver configured to receive a request message including data indicating requested media content (e.g., the server must have infrastructure to receive a request to store recorded security videos or to stream recorded video on a smartphone; additionally, the request message must contain data that identifies the video to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to tie a smartphone and user account to particular cameras and the videos they produce).

18. The Product necessarily includes a processor to determine whether the

consumer device identifier corresponds to the registered consumer device (e.g., the server must authenticate a user's credentials to ensure that the credentials match those registered with a security camera which the user would like to access).

19. The Product provides for both media downloads and/or storage, and media streaming. A processor within the Product necessarily determines whether the request received from a customer is a request for storage (e.g., recording or storing content) or content (e.g., streaming of media content). The Product necessarily differentiates, via a processor, a user's request to store videos from a user's request to stream live content from the security camera.

20. The server verifies that media content identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage. For example, the server must verify that the media content (e.g. specific recording from a specific camera) identified in the media data of the storage request message is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage. Also, the server must verify that a particular security camera is adequately connected to the Internet as to allow for video recording and storage on the cloud. Additionally, a user's ability to store video is limited to a certain amount of memory usage based upon their subscription; thus, media content may not be available for storage if a user is already above their memory limit.

21. If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g. stream live camera feed to a smartphone or tablet) if the request message is a content

request message (e.g. request for live streaming).

22. The media data includes time data that indicates a length of time to store the requested media content (e.g., a user is allowed to store videos for up to 60 days depending on the subscription plan).

23. The server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., the server must verify that a particular security camera is adequately connected to the Internet as to allow for video recording and streaming).

24. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., storage limits, component protocols, etc.).

25 Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

26. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

27. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice

of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

  (c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

  (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

  (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 8, 2017

Respectfully submitted,

*/s/ Stamatios Stamoulis*

**STAMATIOS STAMOULIS**
State Bar No.
**STAMOULIS & WEINBLATT LLC**
Two Fox Point Centre
6 Denny Rd.
Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

**ATTORNEYS FOR PLAINTIFF**